

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honoreble James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4434
Re: Related questions regarding
motor carrier operations be-
tween incorporated and unin-
corporated cities, towns or
villages, under the described
facts.

We are pleased to comply with your request letter
of February 14, 1942, reading as follows:

"Under date of January 28, 1942, we submitted
to you a request for an opinion, which said request
is numbered O-4368. Under date of January 29, 1942,
we submitted to you a request for another opinion
involving the same subject matter, this latter re-
quest being numbered O-4369.

"We desire to withdraw the above numbered re-
quests for opinions, and, in lieu thereof, please
give us your opinion on the following:

"1. Please give us your opinion as to whether
or not an uncertificated carrier operating between
an incorporated town and an unincorporated town and
not traversing a highway between two or more in-
corporated cities, towns or villages, and carrying
goods and merchandise for hire which have already
passed between two or more incorporated cities,
towns or villages, by means of a certificated motor
vehicle, needs a certificate of convenience and
necessity from this Commission to run or operate
out to the unincorporated city, town or village.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable James E. Kilday, Director, Page 2

"2. Please give us your opinion as to whether or not this Commission has the legal authority and power to promulgate a rule or general order forbidding certificated carrier from interchanging freight with the uncertificated carrier mentioned in paragraph one above until such uncertificated carrier obtains a certificate from this Commission.

"3. Please give us your opinion as to whether or not this Commission has the legal authority and power to cancel the certificate of a certificated carrier, after proper notice and hearing, for violation of the rule or general order mentioned in paragraph two above. In other words, assuming your answer to question number two is in the affirmative, then, in that event, if the certificated carrier does interchange freight with the uncertificated carrier, does the commission have authority to cancel the certificate of the certificated carrier after notice and hearing for violation of the rule or general order?"

The answer to your questions requires a construction of subsection (g), section (1), Article 911b, Vernon's Annotated Civil Statutes, which defines a "motor carrier" as follows:

"The term 'motor carrier' means any person, firm, corporation, company, co-partnership, association or joint stock association, and their lessees, receivers or trustees appointed by any Court whatsoever, owning, controlling, managing, operating or causing to be operated any motor propelled vehicle used in transporting property for compensation or hire over any public highway in this State, where in the course of such transportation a highway between two or more incorporated cities, towns or villages is traversed; provided that the term 'motor carrier' as used in this Act shall not include, and this Act shall not apply to motor vehicles operated exclusively within the incorporated limits of cities or towns."

The authority of the Commission to regulate the operations of the carrier referred to in your first question

onorable James E. Kilday, Director, Page 3

depends upon a question whether such carrier is a "motor carrier", as defined by the section of the statute above quoted.

As we construe the statute, the Legislature has defined a motor carrier as a person engaged in transporting property for hire by motor vehicle over the highways of this State, where in the course of the operations conducted by such person he traverses a highway between two or more incorporated cities, towns, or villages. The status of the person as a "motor carrier" is made to depend on the character of the operations conducted by him; on whether he transports property for hire, and whether in the course of doing so he traverses a highway between two or more incorporated cities, towns, or villages; it does not depend on whether, in the hands of another person, the property which he transports has been transported or will be transported over the highways between two or more incorporated cities, towns, or villages, by motor vehicle. In other words, "such transportation" in the definition, refers to the transportation operations conducted by the person "operating any motor propelled vehicle used in transporting property for . . . hire," and the test to be applied is whether the person operating the motor vehicle uses it in transporting for hire property between two or more incorporated cities, towns, or villages, over a highway of this State.

Your first question is therefore answered in the negative.

In view of the answer made to your first question, it becomes unnecessary to answer your second and third questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 14, 1942

*Grover Sellers*
FIRST ASSISTANT
ATTORNEY GENERAL

By

*R.W. Fairchild*

R. W. Fairchild
Assistant

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE

RWF:mp